IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JERRY L. DOWELL,                                Civ. No. 05-180-AA

        Plaintiff,                       OPINION AND ORDER

   v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

        Defendant.

---

Rory Linerud
P.O. Box 1105
Salem, OR 97308-1105
   Attorney for plaintiff

Karin J. Immergut
United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

David M. Blume
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
    Attorneys for defendant

AIKEN, Judge:

Plaintiff Jerry Dowell brings suit under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the decision to dismiss his applications for Disability Insurance Benefits and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act (the Act). Defendant moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction, because plaintiff did not exhaust his administrative remedies and no final decision was rendered to confer jurisdiction to this court. Defendant's motion is granted.

BACKGROUND

After plaintiff filed applications for disability insurance and SSI benefits, his applications were denied initially and upon reconsideration. See Declaration of Paul D. Gould. The Notice of Reconsideration, dated January 13, 2003, informed plaintiff that his applications had been denied and notified plaintiff of his right to appeal and request a hearing before an administration law judge. Id. Ex. 1. The Notice stated that plaintiff must request a hearing within sixty days from receipt of the Notice, and also that if he disagreed with the decision, he should file an appeal within sixty days. Id.

However, plaintiff did not file a request for hearing until April 4, 2003, eighty-one days after issuance of the Notice. Id. Ex. 2, p. 1. Plaintiff was afforded to show good cause for his late request in a "Statement of Claimant." Plaintiff acknowledged that his request was not timely, but stated that he could neither read nor write and that his wife had recently prompted him to appeal. Id. Ex. 2, p. 2.

On September 20, 2004, an administrative law judge found that plaintiff had failed to demonstrate good cause for his untimely request and dismissed plaintiff's request for hearing. Id. Ex. 3. Plaintiff sought review of the dismissal, and on January 31, 2005, the Appeal Council denied plaintiff's request for review. Plaintiff then filed this action.

## DISCUSSION

The Commissioner moves for dismissal of plaintiff's claim on the ground that he failed to exhaust his administrative remedies under the Act. Plaintiff has not responded to the Commissioner's motion.

"Judicial review of claims arising under Title II or Title XVI of the Social Security Act is authorized and limited by 42 U.S.C. § 405(g)." Subia v. Comm'r of Soc. Sec., 264 F.3d 899, 902 (9th Cir. 2001). According to the Supreme Court, § 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" Califano

3 - OPINION AND ORDER

v. Sanders, 430 U.S. 99, 108 (1977); see also Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993) ("Section 405(g) requires an SSI claimant to obtain a final judgment from the Secretary before seeking judicial review."). Thus, a claimant's failure to exhaust the administrative remedies set forth in § 405(g) deprives the district court of jurisdiction. Bass v. Soc. Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989).

Here, it is undisputed that plaintiff failed to exhaust his administrative remedies. He never obtained a hearing before an administrative law judge due to his failure to file a timely appeal and request for hearing. The court may waive the exhaustion requirement if a plaintiff asserts a colorable claim collateral to a substantive claim of entitlement to benefits. Subia, 264 F.3d at 902; Hoye v. Sullivan, 985 F.2d 990, 991 (9th Cir. 1992); Briggs v. Sullivan, 886 F.2d 1132, 1139 (9th Cir. 1989). However, the essence of plaintiff's claim is that he is entitled to disability benefits, and waiver is not available to plaintiff. Further, given the lack of response by plaintiff, he provides no argument or authority in support of his claim.

Therefore, no final decision has been rendered by the Commissioner, and as a result, this court lacks jurisdiction over plaintiff's claim.

///
///

## CONCLUSION

Defendant's Motion to Dismiss (doc. 11) is GRANTED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 7 day of November, 2005.

/s/ Ann Aiken
Ann Aiken
United States District Judge

5 - OPINION AND ORDER